UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ROBERT WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-163-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PROGRESSIVE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Robert Welch filed this action in the Harlan Circuit Court on March 26, 2007. On May 9, 2007, the case was removed to this Court pursuant to 28 U.S.C. § 1441(b) based upon assertions that it involves citizens of different states and that the amount in controversy exceeds $75,000.00. [Record No. 1]  On June 6, 2007, the parties submitted an Agreed Order to Remand and Stipulation of Damages[1] in which they sought to have this matter remanded to the Harlan Circuit Court for further proceedings.  In support, the Plaintiff stipulated that his damage claims do not exceed $75,000.00, exclusive of interest and costs.  [Record No. 7]

Because the parties cannot simply stipulate to removal, the Court must examine the pleadings to determine whether remand is proper.  After reviewing the file of this proceeding, the Court concludes that the Defendant has not met its burden of establishing that the amount

---

[1]     The Court will treat the tendered Agreed Order as a joint motion to remand.

in dispute at the time of removal exceeded the sum of $75,000.00, exclusive of interest and costs. Accordingly, the matter will be remanded to state court.

## I.      BACKGROUND

This case involves a claim for underinsured motorist coverage under a policy of insurance issued by Defendant Progressive Insurance Company ("Progressive") to Welch.  In relevant part, Welch's Complaint alleges that he was involved in a motor vehicle accident on February 7, 2006, with Marion Adams in Harlan County, Kentucky.  After receiving the limits of Adam's ($25,000.00) policy from his insurance carrier, AIG Personal Lines Claims Insurance Company, Welch sought to recover an additional sum from Progressive.  However, Welch claims that Progressive failed to promptly settle the matter, resulting in suit being filed in the Harlan Circuit Court.

With respect to the specific injuries alleged and damages sought, Welch made the following assertions in his state court complaint:

> 6.  As a result of the negligence of **MARION ADAMS**, the Plaintiff, Robert Welch, was injured in, on and about his body, both temporarily and permanently; incurred medical expenses and will so in the future; lost time from work and had his power to labor and earn money impaired, both past and future; was caused to suffer great pain, both mental and physical, past and future; all to his damage in an amount which exceeds the jurisdictional minimum of this court and which damages exceed the limits of liability coverage available to **MARION ADAMS**, under the policy of insurance with **AIG PERSONAL LINES CLAIMS INSURANCE COMPANY**, referred to above.

**        **        **

> 15.  **PROGRESSIVE INSURANCE COMPANY** has failed to make a good faith attempt to settle plaintiff's claim, singly or collectively, and such failure is without reasonable foundation, entitling plaintiff to prejudgment interest at the

-2-

rate of twelve (12%) percent per annum and reasonable attorney's fees incurred
pursuant to KRS 304.12-325.

16.     **PROGRESSIVE INSURANCE COMPANY'S** failure to timely settle
has caused plaintiff, **ROBERT WELCH**, undue financial hardship and mental
anguish.

[*See* Record No. 1, attachment.]

## II.     LEGAL ANALYSIS

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable
only if it initially could have been brought in federal court.  A federal court has original
"diversity" jurisdiction where the suit is between citizens of different states and the amount in
controversy exceeds $75,000.00, exclusive of costs and interest.  28 U.S.C. § 1332(a).  It is well-
established that the federal courts are courts of limited jurisdiction.  Thus, any doubts regarding
federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock
Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F.
Supp. 514, 515 (E.D.  Ky. 1967).  As such, a defendant desiring to remove a case from state to
federal court has the burden of establishing the diversity jurisdiction requirements of an original
federal court action.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979).

In determining the appropriateness of remand, a court must consider whether federal
jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter
Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Consequently, events occurring
subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's
control or the result of his volition, do not oust the district court's jurisdiction once it has
attached.  *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In *Saint Paul Mercury*, the Court refused to remand an action, properly removed in light of the original complaint, when the plaintiff filed an amended complaint which reduced the amount initially claimed to an amount below the amount in controversy requirement. In denying the motion to remand, the Court stated that "[i]f the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id*. at 294. However, in *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990), this Court reached a different result based on the facts presented.

In *Cole*, the defendant removed the action to federal court based on the plaintiff's complaint which, in accordance with the Kentucky Rules of Civil Procedure[2], contained only a bare statement of the claims and minimal jurisdiction allegations and contained unspecified damages for "outrageous conduct, defamation, severe emotional and physical pain, and loss of enjoyment of life," as well as punitive damages and costs. The plaintiff then filed a motion to remand with a stipulation that the damages would not exceed the jurisdictional minimum. Relying on the *Saint Paul Mercury* principle that events occurring after removal which reduce the amount in controversy do not defeat the court's jurisdiction, the defendant responded that the stipulation was too late.

The *Cole* Court, however, distinguished *Saint Paul Mercury* stating that, unlike *Saint Paul Mercury*, Cole's subsequent stipulation did not modify the amount in controversy. Instead,

---

[2]     Rule 8.01(2) of the Kentucky Rules of Civil Procedure prevents a plaintiff from pleading unliquidated damages with any degree of specificity.

it provided the actual amount for the first time.[3]  The Court further stated that due to the nature of the plaintiff's complaint, it provided virtually no substance relating to the extent of the plaintiff's injury.  Therefore, although the defendant's removal decision may have been in good faith, it could not have been based on anything more than speculation.  *Cole*, 728 F. Supp. at 1309-10.

Where a plaintiff's complaint contains minimal information regarding the damages the Plaintiff is seeking, the Court must require that the party having the burden of establishing jurisdiction present some proof that the claim is likely to result in an award in an amount necessary to establish that the total claim exceeds $75,000.  Here, it appears that the Defendant removed this action without filing interrogatories with respect to the specific amount of damages claimed by the Plaintiff or without otherwise investigating the specific monetary amount.  Plaintiff Welch has now stipulated that his damage claim does not exceed $75,000.00, exclusive of interest and costs.  Similar to *Cole*, this stipulation did not change the information upon which Progressive relied in removing this action.  Instead, it provided for the first time the upper limit on the damage amount claimed by the Plaintiff.

---

[3]      In *Gafford v. General Electric Comp.*, 997 F.2d 150 (6th Cir. 1993), the Court held that the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement.  *Id.* at 158; *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  To satisfy this burden, this circuit requires defendants who are faced with an indeterminate state court complaint to make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal.  *Cole*, 728 F. Supp. at 1309 *citing Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986) (removing defendant bears the burden of establishing jurisdiction even when faced with indeterminate complaint); *see also Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F. Supp. 452, 462 (D. Hawaii 1980) (Where the initial pleading is indeterminate "the defendant is put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove.")  Further, Rule 8.01 of the Kentucky Rules of Civil Procedure provides that, "when a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories  . . . ."  Ky. R. Civ. P. 8.01.

Due to the foregoing discussion and lack of evidence presented regarding this issue, the Court finds that the Progressive has not satisfied its burden of establishing by a preponderance of the evidence that, at the time of removal, the Plaintiff's damage claims exceeded $75,000.00. Again, while the Defendant's removal decision may have been made in good faith, it has failed to establish that it was based on anything more than mere speculation.

Finally, Plaintiff Welch's stipulation of damages in an amount not to exceed $75,000.00 binds him to a recovery of no more than this figure in state court. *See e.g.*, *Sanford & Adapt Inc., v. Gardenour*, 2000 WL 1033025 (6th Cir. 2000) (unpublished); *Ratliff v. Merck & Co., Inc.*, 359 F. Supp. 2d 571 (E.D. Ky. March 3, 2005); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp.2d 601, 603-04 (E.D. Ky. 2002). Since this Court has adopted the position urged by the Plaintiff (*i.e.*, that his damages are not in excess of $75,000.00), he would be prevented from later taking an inconsistent position (*i.e.*, that his damages are actually greater than $75,000.00). *See, e.g.*, *Colston Investment Co. v. Home Supply Co.*, 74 S.W.3d 759 (Ky. App. 2001) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.")

Accordingly, it is hereby **ORDERED** as follows:

1.      The Agreed Order to Remand and Stipulation of Damages shall be construed as a Joint Motion to Remand [Record No. 7] and shall be **GRANTED**.

2.      This matter is **REMANDED** to the Harlan Circuit Court for further proceedings. This 8th day of June, 2007.



Signed By:

*Danny C. Reeves*

United States District Judge